UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY B. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:14 CV 89 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the court are various filings by Timothy B. Brown, a *pro se* prisoner. (DE #10-13.) This case was previously dismissed without prejudice for failure to prosecute after Brown failed to pay the $5 filing fee by the May 12, 2014, deadline. (DE #6.) On June 12, 2014, the court received the $5 payment, which Brown claims to have mailed weeks earlier. On this basis, Brown moves to reopen the case. (DE #10.) In the interest of justice this request will be granted.

The court proceeds to screen Brown's habeas petition (DE #1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. Under that rule, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Here, Brown challenges his 2008 burglary and robbery conviction in St. Joseph County. (DE #1.) According to the petition and attachments, Brown was convicted following a jury trial. (*Id.* at 1.) In September 2008, he was sentenced to an aggregate term of 20 years in prison. (DE #1 at 1; DE #11 at 25-26.) In July 2009, Brown's conviction and sentence were affirmed on

direct appeal. (DE #1 at 1.) Brown filed a post-conviction petition in August 2008, which remains pending. (*Id.* at 2.) He filed this federal petition in March 2014. (DE #1 at 5.)

Brown's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person incarcerated pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to substantial injustice to the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this extraordinary exception, the delay must be both

"inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. Thus, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years," the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that the state's failure to take any action on a post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

Here, Brown asserts four grounds for relief in his petition. They are articulated in terms of "due process" and "equal protection" violations, but all of them are premised on a claim that his rights are being violated by delay in the state post-conviction proceedings. (DE #1 at 3-4.) Unfortunately for Brown, the Seventh Circuit has expressly held that delay in a state post-conviction proceeding does not present a cognizable basis for granting federal habeas relief. *Jackson*, 112 F.3d at 880 (holding that delay in a state post-conviction proceeding "neither makes continued imprisonment of the defendant unlawful, nor warrants federal habeas corpus relief").

Even if the petition could be read to assert an independent violation of a federal right, it is evident that Brown has not yet exhausted his available state court remedies. Nor has he established the type of exceptional circumstances that would warrant dispensation of the exhaustion requirement. His filings reflect that during the pendency of the state case, he amended his petition, the state answered the petition, and he conducted discovery. The state court has ruled on his motions, held a pretrial

conference, denied a portion of his petition, and held an evidentiary hearing in January 2014. Brown has filed a flood of documents in both the state trial and appellate courts during the pendency of his case, including motions for preliminary injunctive relief, petitions for "writ of error," motions seeking recusal or requesting "restraining orders" against the assigned judge, motions for change of venue, motions to reconsider, and countless letters to various judicial officers. (DE #3, 9, 10, 11.) No doubt these filings have complicated and prolonged the state proceedings. Furthermore, although Brown is upset that his petition was not fully resolved at the January 2014 evidentiary hearing, the docket reflect that he filed a document requesting "issuance of subpoenas" and other relief, which necessitated further proceedings. (DE #9-1 at 10; DE #11 at 7.) In short, he has not established that his petition has been "lying dormant" in state court for a period of years.

It is worth noting that Brown has twice sought federal habeas relief while the state case was pending; both times his petition was dismissed without prejudice on exhaustion grounds. *Brown v. Superintendent,* No. 3:12-CV-803 (N.D. Ind. order dated Dec. 28, 2012); *Brown v. Superintendent*, 3:11-CV-311 (N.D. Ind. order dated Dec. 2, 2011). As he was previously told, he cannot pursue federal habeas relief until he has presented his claims in one complete round of state review, including to the Indiana Supreme Court. Accordingly, the petition will be dismissed. The dismissal will be without prejudice to Brown's right to file a new petition after he has presented his claims in one complete round of state review.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where an adverse judgment is entered against the petitioner. To obtain a certificate of appealability, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

Here, Brown's petition is being dismissed on exhaustion grounds. A dismissal without prejudice for failure to exhaust state court remedies is not a final appealable order, unless the petitioner would be time-barred if he were to later return to federal court. *See Dolis v. Chambers*, 454 F.3d 721, 723-24 (7th Cir. 2006); *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). That is not a concern in this case, since Brown filed his state post-conviction petition prior to the conclusion of the direct review proceedings. Thus, the federal deadline has been tolled during this entire time period, and will remain tolled until the state proceedings come to an end. 28 U.S.C. § 2244(d)(2). Furthermore, even if Brown could overcome this barrier to an appeal, there is nothing to suggest that jurists of reason would debate the correctness of the court's procedural ruling or find a reason to encourage Brown to proceed further without first exhausting his state court remedies. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petitioner's motion to reopen (DE #10) is **GRANTED**, and the clerk is **DIRECTED** to vacate the judgment entered on May 22, 2014. The petition (DE #1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The petitioner is **DENIED** a certificate of appealability. The petitioner's motion "to present inordinate, unjustifiable delay in state court" (DE #11) is **DENIED**.

**SO ORDERED.**

Date: June 24, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT